UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PAULA SHERWOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GARLAND MANUFACTURING, CO. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff complains against Defendant as follows:

## PARTIES

1. Plaintiff Paula Sherwood is a resident of Buxton, Maine.

2. Defendant Garland Manufacturing, Co. is Maine corporation with a principal place of business in Saco, Maine.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 as this matter presents questions of federal law.

4. Venue is proper in the District of Maine under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in Maine. Under Local Rule 3(b), this action is properly filed in Portland because the events at issue occurred in York County.

## JURY TRIAL DEMAND

5. Plaintiff demands trial by jury on all issues triable to a jury.

1

## FACTUAL ALLEGATIONS

6. Defendant hired Plaintiff for the position of Bookkeeper in October 2017. She earned $30.00 per hour.

7. At all times, Plaintiff met or exceeded performance expectations.

8. Plaintiff's direct supervisor was CFO Frank Dellasalla.

9. Plaintiff was not exempt from the requirement under the Fair Labor Standards Act to be paid an overtime rate of one and a half times the regular rate for all hours worked over forty per week.

10. In October 2018, Plaintiff orally complained to Mr. Dellasalla about Garland's practice of not paying employees, including Plaintiff, at the applicable overtime rate of one and a half times the regular rate of pay. Her complaint focused on Garland's practice of providing non-exempt and non-public employees, including Plaintiff, with "compensatory time" in lieu of paying overtime at the applicable rate.

11. Plaintiff believed that this practice violated state and federal wage and hour laws.

12. Mr. Dellasalla became very angry with Plaintiff but took no steps to address or correct the unlawful practice of failing to pay overtime.

13. Garland provided employees, including Plaintiff, with a "Flexible Spending Account" ("FSA"), an employee benefit whereby Garland deducted a set amount of money from employees' paychecks to be used to pay

for certain expenses such as medical or dental bills or co-pays. FSAs are regulated by the he Internal Revenue Code.

14. In February 2019, Plaintiff orally complained to Mr. Dellasalla that Garland was not paying claims or properly funding Plaintiff's FSA.

15. Plaintiff believed this practice violated the Internal Revenue Code and/or other laws, rules, or regulations.

16. Mr. Dellasalla ignored her.

17. Plaintiff then contacted the Internal Revenue Service to complain about the lack of funding for her FSA.

18. Mr. Dellasalla knew Plaintiff contacted the IRS because he told Plaintiff he overheard her talking to the IRS. Mr. Dellasalla became angry with Plaintiff and then contacted Garland's third-party administrator to direct them to pay the claim.

19. In March 2019, Plaintiff orally complained to Mr. Dellasalla for a second time about her belief that Garland's practice of providing non-exempt and non-public employees, including Plaintiff, with "compensatory time" in lieu of paying overtime at the applicable rate was unlawful.

20. Mr. Dellasalla became angry with Plaintiff. He responded by stating "NOT HERE", which Plaintiff interpreted as meaning, in essence, "it may be illegal elsewhere, but it's not illegal at Garland". Mr. Dellasalla also asked Plaintiff to "prove it in writing" to him.

21. In April 2019, Plaintiff provided Mr. Dellasalla with an email that she believed was proof of the substance of her complaint.

22. In late April 2019, Plaintiff orally complained to Mr. Dellasalla that Garland was not paying employees the applicable "shift differential" overtime rate when an employee worked overtime during a certain shift, such as evenings or weekends, that Garland had authorized as a shift differential.

23. Plaintiff believed this practice was unlawful and informed Mr. Dellasalla that the practice was unlawful. She cited examples and provided Mr. Dellasalla with what would have been the appropriate rate of pay.

24. Mr. Dellasalla disagreed and became angry with Plaintiff.

25. Defendant terminated Plaintiff's employment on May 7, 2019.

26. After her termination, Plaintiff filed a complaint with the Maine Department of Labor, which investigated and found Garland had in fact violated wage and hour laws with respect to shift differentials and compensatory time and which ordered Garland to compensate Plaintiff in the amount of $1,012.88 for unpaid overtime.

## COUNT I
### (Retaliation in violation of 29 U.S.C. 215(a)(3))

27. Plaintiff hereby repeats, re-alleges, and incorporates by reference the foregoing paragraphs 1-26 of this Complaint.

28. The Fair Labor Standards Act, 29 U.S.C. § 215(a)(3) prohibits employers from discharging or otherwise discriminating against employees because an employee has "filed any complaint" under the FLSA, including

but not limited to internal complaints to the employer about what the employee reasonably believes to be violations of wage and hour laws.

29. On several occasions, including shortly before her termination on May 7, 2019, Plaintiff complained to the Chief Financial Officer for Garland Manufacturing about what she reasonably believed to be Garland's repeated violations of federal or state wage and hour laws, to wit, complaints that her employer failed to pay overtime at the "shift differential rate" and its unlawful practice of providing its employees with "compensatory time" when such a practice is in violation of state and federal law.

30. In response to Plaintiff's complaints, Defendant terminated Plaintiff's employment.

31. By terminating Plaintiff's employment because she complained about wage and hour violations, Defendant unlawfully retaliated against Plaintiff in violation of the Fair Labor Standards Act.

32. As a direct and proximate result of Defendant's actions as set forth herein, Plaintiff suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment and for the following legal and equitable relief under the FLSA:

    A. Reinstatement, or front pay in lieu of reinstatement;
    B. Back pay from May 7, 2019, with prejudgment interest;
    C. Compensatory damages;
    D. Punitive damages;
    E. An award of reasonable attorney's fees and all costs; and
    F. All other damages to which plaintiff may be entitled.

Dated: September 22, 2020            Respectfully Submitted,

/s/ James A. Clifford
James A. Clifford
/s/ Andrew P. Cotter
Andrew P. Cotter
CLIFFORD & CLIFFORD, LLC
62 Portland Rd., Suite 37
Kennebunk, ME 04101
(207) 985-3200

6